UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAILEY,<br><br>    Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK AND CO.,<br><br>    Defendant. | Civil No. 10cv345-L(CAB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Defendant removed this wages and hours action from State court. The notice of removal is based on diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. Plaintiff filed a motion to remand arguing that Defendant failed to establish the requisite amount in controversy. For the reasons which follow, Plaintiff's motion is **GRANTED**.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

/ / / / /

1    Consistent with the limited jurisdiction of federal courts, the removal statute is strictly
2 construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992);
3 *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of*
4 *Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal
5 jurisdiction means that the defendant always has the burden of establishing that removal is
6 proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d
7 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden
8 allocation in determining removal jurisdiction was meant to comport with what the Supreme
9 Court has termed '[t]he dominant note in the successive enactments of Congress relating to
10 diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and
11 of relieving the federal courts of the overwhelming burden of business that intrinsically belongs
12 to the state courts in order to keep them free for their distinctive federal business.'" *Abrego*
13 *Abrego*, 443 F.3d at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

14    This putative class action was removed based on diversity jurisdiction under 28 U.S.C.
15 Section 1332(d). "Section 1332(d), added by [CAFA], vests the district court with 'original
16 jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of
17 $5,000,000, exclusive of interest and costs, and is a class action in which' the parties satisfy,
18 among other requirements, minimal diversity." *Abrego Abrego*, 443 F.3d at 680 (footnote
19 omitted). The burden of establishing removal jurisdiction, including the amount in controversy
20 requirement under CAFA, is on the defendant. *Id*. at 682-85. Plaintiff argues that Defendant
21 failed to meet its burden with respect to the jurisdictional amount.

22    To determine whether the amount in controversy has been met on removal, "[t]he district
23 court may consider whether it is 'facially apparent' from the complaint that the jurisdictional
24 amount is in controversy. If not, the court may consider facts in the removal petition, and may
25 'require parties to submit summary-judgment-type evidence relevant to the amount in
26 controversy at the time of removal.'" *Abrego Abrego*, 443 F.3d at 690, quoting *Singer v. State*
27 *Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). In the operative complaint,
28 Plaintiff did not specifically allege an aggregate amount of damages, but stated that "the claims

of individual class members, including PLAINTIFF, are under $75,000 jurisdictional threshold for federal court." (First Am. Compl. at 1.) The amount in controversy is therefore not facially apparent from the complaint.

"Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683. "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Where a plaintiff alleges the amount of damages less than the jurisdictional amount, the removing defendant must prove by a legal certainty that the amount in controversy exceeds the amount alleged in the complaint. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). Here, it is apparent that Plaintiff intended to avoid federal jurisdiction,[1] but he did not expressly allege that the damages in aggregate are less than $ 5 million. The parties do not address which standard of proof applies. For the reasons stated below, this issue is not material to the resolution of Plaintiff's motion  The court therefore does not address it here.

Defendant contends that removal was proper because during mediation in State court, it received a calculation of damages in a related case and was allegedly also shown Plaintiff's calculation of damages, both of which exceeded $ 5 million. It argues that this was the first information in this case from which it could ascertain that the case was removable, and that it therefore had to remove the case within thirty days of learning this information, as required by 28 U.S.C. Section 1446(b). Section 1446(b) sets forth two thirty-day periods for removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ..

---

[1] The plaintiff, as the "master" of his or her complaint, can plead to avoid federal jurisdiction. *Lowdermilk*, 479 F.3d at 998-99. "Accordingly, subject to a 'good faith' requirement in pleading, a plaintiff may sue for less than the amount she [or he] may be entitled to if she [or he] wishes to avoid federal jurisdiction and remain in state court." *Id*. at 999 (footnote omitted).

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ..

The foregoing time limitations of section 1446(b) apply in CAFA cases. *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). Because it is undisputed that Plaintiff's initial pleading did not provide a basis for removal, only the second thirty-day period is relevant here.

Defendant maintains that it was engaged in a simultaneous mediation in two cases, the instant case and *Jimenez v. Sears, Roebuck & Co.* ("Jimenez Action"), and that it learned the pertinent information in the course of the mediation. Both cases involved wages and hours claims by a putative class of Sears Assistant Managers against Sears. A class action had not been certified in either case at that time. The plaintiff's counsel in both cases agreed to jointly mediate these claims.

The fact that removal is based on information learned in mediation does not necessarily preclude it. A settlement offer letter sent by the plaintiff to the defendant "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (footnote omitted). Accordingly, it can trigger the second thirty-day period under section 1446(b). *Id.* This may be the case also if the settlement letter is sent in preparation for mediation. *Babasa*, 498 F.3d at 973-75.[2]

Plaintiff argues that removal was improper because Defendant cannot base the amount in controversy in this case on a damage calculation from the mediation of a related action. Plaintiff also contends that at the mediation Defendant did not receive any paper with Plaintiff's calculation of damages for this action so as to provide a basis for the amount in controversy in this action and trigger the second thirty-day period.

Defendant based this removal on a damages calculation from the Jimenez Action. It is undisputed that at the mediation, the counsel in the Jimenez Action provided Defendant with a calculation of damages for that action, which exceeded $ 5 million. However, Defendant

---

[2] The Court expressly left open certain evidentiary issues specific to mediations, which are not at issue here.

acknowledged that the Jimenez Action involved a larger class of Assistant Managers than the instant action, because the class definition in the Jimenez Action covered a longer period of time. (Second Am. Notice of Removal at 3.) Furthermore, Defendant does not dispute Plaintiff's contention that his counsel was not aware of the damage calculation in the Jimenez Action until after it was disclosed to Defendant, was not involved in its preparation, had not consented to it, and at the time of the disclosure, had not agreed to a joint mediation. Because the two classes cover markedly different time periods, and because Defendant has not shown that Plaintiff had adopted the damage calculation as representative of damages in his case, Defendant's reliance on the damage calculation in the Jimenez Action is without avail in establishing the amount in controversy in this case.

Defendant also contends that removal was proper because in mediation its counsel was shown a damage calculation for the instant case which exceeded the jurisdictional amount. The parties dispute precisely what occurred. While Defendant filed an affidavit stating that the mediator showed a damage calculation prepared in this case to its counsel, it also acknowledges that it was not given any such document, that the mediator retained the document, and did not let Defendant's counsel keep it. On the other hand, Plaintiff's counsel presented evidence that Plaintiff's damage calculation was contained in its confidential mediation brief, that Plaintiff did not authorize the mediator to show the brief to Defendant's counsel, and that the mediator did not show the brief to them, although he "shared" Plaintiff's damage calculation with them, pursuant to Plaintiff's authorization. Plaintiff contends that the mediator at most told Defendant's counsel about his calculation.

Plaintiff argues that the removal was improper because Defendant did not receive a paper, as stated by section 1446(b). Section 1446(b) refers to "receipt by the defendant" of "an amended pleading, motion, order or other paper" which provides the basis for removal. This provision is strictly construed. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005). *Harris* held that the "ground for removal must be revealed affirmatively in the initial

/ / / / /

/ / / / /

pleading in order for the fist thirty-day clock under § 1446(b) to begin." 425 F.3d at 695 (footnote omitted).  It adopted the reasoning that the court should

> rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

*Id*. at 695, quoting *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).  If the rule were otherwise, courts would have to "inquire into the subjective knowledge of the defendant," which "could degenerate into a mini-trial regarding who knew what and when." *Harris,* 425 F.3d at 695, quoting *Lovern*, 121 F.3d at 162.

The rule announced in *Harris* is based on "the canon that instructs that removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts," and "the goal of the canon, which guards against premature and protective removals and minimizes the potential for cottage industry of removal litigation." *Harris*, 425 F.3d at 697.  The same policies have been found applicable in removals under CAFA. *Abrego Abrego*, 443 F.3d at 691-92 (citing *Harris* and adopting same policy of guarding against premature removals and respect for jurisdiction of state courts).  Furthermore, the rule which *Harris* applied to the first thirty-day period of section 1446(b), has been applied to the second thirty-day period, which is at issue in this case. *See Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1223-24 (9th Cir. 2009) (basis for removal was not ascertainable on the face of the first or second amended complaint).

In this case, Defendant did not receive any paper from Plaintiff or the mediator.  There is a dispute about what Defendant's counsel saw or possibly only heard during the mediation. *Harris* intended to avoid the situation where a court would have to resolve these types of factual disputes to determine whether a removal is proper.

Because Defendant's removal does not comply with *Harris,* it is premature.  Defendant is not able to base its removal on any paper it received in the mediation, and is therefore unable to properly support its assertion that the jurisdictional amount is met in this case.

Defendant has not met its burden of establishing removal jurisdiction.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."

*Gaus*, 980 F.2d at 566; *see also* 28 U.S.C. § 1447(c). Accordingly, Plaintiff's motion to remand is **GRANTED** and this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego. Plaintiff's request for sanctions is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 24, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY A. BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL